```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JAMES SETTLE and
THOMAS SETTLE

      Plaintiffs

v.                                  Civil Action No. 2:11-00307

NICHOLAS HALL and
PAUL MICHAEL MCGRAW

      Defendants

## MEMORANDUM OPINION AND ORDER

Pending is defendants' motion for partial summary judgment filed March 6, 2012.

I.

On March 25, 2010, plaintiffs James and Thomas Settle were visiting Big Willie's Bar in Fayette County. They planned on participating in a pool tournament scheduled for later that evening. Defendant Deputies Nicholas Hall and Paul Michael McGraw were at the time both employed by the Fayette County Sheriff's Department. Plaintiffs allege that Deputy Hall and Deputy McGraw assaulted them at or near the Bar at some point during the evening.

On May 4, 2011, plaintiffs instituted this civil action.  They allege claims for (1) violation of the Eighth and Fourteenth Amendments ("Count One"), (2) assault and battery ("Count Two"), (3) intentional infliction of emotional distress arising out of, inter alia, the use of excessive force, the malicious filing of false criminal charges against plaintiffs for battery on, and obstruction of, a police officer, and their delay in securing arrest warrants for plaintiffs in an effort to maliciously take them into custody over the Easter holiday weekend ("Count Three"), and (4) conduct of a fraudulent official proceeding in violation of West Virginia Code section 61-5-27a(c) ("Count Four").

Defendants seek partial summary judgment.  They first assert that the assault and battery allegations found in Count Three should be dismissed inasmuch as it may result in a double recovery if the jury finds for plaintiffs on both Counts Two and Three.  They next assert that Count Four should be dismissed inasmuch as the statute there pled does not apply to sheriff deputies.

II.

A.   Governing Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those necessary to establish the elements of a party's cause of action.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. <u>Id.</u>  The moving party has the burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial.  Fed. R. Civ. P. 56(c); <u>id.</u> at

322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

**B.    Analysis**

1. Count Three

Respecting the alleged duplicative nature of Counts Two and Three, the Supreme Court of Appeals of West Virginia observed as follows in Criss v. Criss, 177 W. Va. 749, 356 S.E.2d 620 (1987):

> In the present case, the claim for the tort of outrageous conduct is duplicitous of the claim for assault and battery. As noted above, if a jury finds that the proof sustains the appellant's complaint, she will be able to recover compensatory and punitive damages against the appellee as a result of the assault and battery, including elements of emotional distress. Therefore, it would be inappropriate to allow her to also recover damages based on the tort of outrage.

Id. at 751-52, 356 S.E.2d at 622-23.  In Criss, it appears that the plaintiff alleged that the assault and battery and the intentional infliction of emotional distress arose out of the same misconduct.

To the extent plaintiffs would assert that the March 25, 2010, assault and battery by defendants also amounted to the intentional infliction of emotional distress, the latter claim is barred by Criss.  In their response brief, however, plaintiffs profess that the intentional infliction claim arises from later events:

5

> As may be gleaned from Defendants['] own recitation of facts in their Motion For Partial Summary Judgment, there is [sic] two distinct causes of action -- the first being assault and battery which is of an instantaneous nature that occurred on March 25, 2010, and the second is the tort [sic] of Outrage and Filing A Fraudulent Official Proceeding that began March 26, 2010 and ran through December 8, 2010 with the dismissal of the criminal [sic] filed by the Defendants that was ultimately dismissed when Defendant McGraw filed [sic] to appear for the trial of the matter.

(Resp. in Oppos. at 6).

Defendants do not reply to this characterization by plaintiffs. With this limiter, a <u>Criss</u> redundancy does not arise. Defendants are thus not entitled to judgment as a matter of law respecting Count Three.

### 2. Count Four

Defendants next request dismissal of Count Four. They assert that the statute giving rise to the claim does not apply to sheriff deputies. That statute, West Virginia Code section 61-5-27a(c), provides as follows:

> It is unlawful for <u>a person</u> to knowingly cause <u>a public official or employee</u> to file, record or deliver a fraudulent claim of indebtedness, common law lien or other lien, financial statement, complaint, summons, judgement, warrant or other legal process, including those issued as the result of a fraudulent official proceeding.

6

W. Va. Code § 61-5-27a(c) (emphasis added).  The term "person" is expansively defined in West Virginia Code section 61-5-27(a)(4): "'Person' means an individual, group, association, corporation or any other entity."  Id.  The term "public official or employee" is defined as follows:

> "Public official or employee" means an elected or appointed official or employee, of a state or federal court, commission, department, agency, political subdivision or any governmental instrumentality.

West Virginia Code § 61-5-27(a)(5).

Defendants assert, in essence, that they cannot qualify as both "person[s]" under the statute and as "public official[s] or employee[s]."  They conclude consequently that the statute does not contemplate a claim against them.  Plaintiffs counter that the statute should be read broadly and, absent an exclusion, reach the wrongful acts allegedly perpetrated here.

First, it is difficult to imagine a more encompassing definition of the term "person."  Second, there is no indication in the statute that law enforcement officers are excluded from the statute's reach.  Just the opposite seems true.  Neither party cites a provision found later in the statute at subdivision (k), which states as follows: "Nothing in this section prohibits or in any way limits the <u>lawful acts</u> of a

7

legitimate public official or employee." W. Va. Code § 61-5-27a(k) (emphasis added). If subdivision (k) was deemed necessary to immunize "the lawful acts" of public officials or employees, a natural reading would seem to leave their unlawful acts within the statute's reach.

It is the case that subsection (c) requires the offending "person" take the step of "caus[ing] a public official or employee to" commit one of the enumerated acts found in the subsection. Id. In their response brief, plaintiffs assert that defendants "fraudulently induce[d] both the Fayette County Prosecutor's office and the Fayette County Magistrate's office to issue a complaint, warrant or other legal process against the Plaintiffs." (Resp. at 8). Inasmuch as defendants have not replied to that assertion and shown otherwise, they are not entitled to judgment as a matter of law respecting Count Four.

### III.

Based upon the foregoing discussion, it is ORDERED that defendants' motion for partial summary judgment be, and it hereby is, denied.

**The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.**

ENTER: May 18, 2012

John T. Copenhaver, Jr.
United States District Judge